JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Leonardo Martinez

MAY 0 9 2001

Michael N. Milby
Clerk of Court

## DEFENDANTS

B-01-76

Cameron County Irrigation
Dist. #2

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ruben Pena
222 w. Harrison
Harlingen, Tx. 78550
(956) 412-8200

ATTORNEYS (IF KNOWN)

Ricardo J. Navarro
222. E. Van Buren #405
Harlingen. Texas 78550
(956) 421-4904

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☑ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | USC 881 | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | **SOCIAL SECURITY** | ☐ 710 Fair Labor Standards | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 861 HIA (1395ff) | Act | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 862 Black Lung (923) | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 730 Labor/Mgmt. Report- | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 865 RSI (405(g)) | ing & Disclosure Act | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☑ 442 Employment | Sentence | **FEDERAL TAX SUITS** | ☐ 740 Railway Labor Act | Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | ☐ 870 Taxes (U.S. Plaintiff | | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | or Defendant) | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 871 IRS - Third Party | ☐ 791 Empl. Ret. Inc. | Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | 26 USC 7609 | Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alleges he suffered an adverse employment action for exercising his Freedom of speech rights under the federal constitution.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
5/9/01

SIGNATURE OF ATTORNEY OF RECORD
Ricardo J. Navarro

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **LEONARDO MARTINEZ** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO.** B-01-076 |
| | § | |
| **CAMERON COUNTY IRRIGATION** | § | |
| **DISTRICT NO. 2.** | § | |
| | § | |

**DEFENDANT CAMERON COUNTY IRRIGATION DISTRICT NO. 2'S**
**NOTICE OF REMOVAL**

May It Please the Court:

NOW COMES, the CAMERON COUNTY IRRIGATION DISTRICT NO. 2., DEFENDANT (hereafter "DEFENDANT CCID#2" or "CCID#2") and files this Notice of Removal to the U.S. District Court for the Southern District of Texas, Brownsville Division, from a lawsuit filed in the 197TH Judicial District Court for the State of Texas, in Cameron County, Texas styled and numbered as indicated in the pleadings attached as exhibits to this notice.

1.    Plaintiff filed his Original Petition on March 29, 2001, in the 197th Judicial District Court, sitting in Cameron County, Texas, identified as Cause No. 2001-13-001588-C.

2.    Plaintiff's Original Petition names the Cameron County Irrigation District #2, as a defendant.

3.    Plaintiff served his Original Petition on DEFENDANTS CCID#2 on or about April 10, 2001.

Defendant CCID#2's Notice of Removal                                    Page 1

4.   Plaintiff's lawsuit complains of DEFENDANT'S decision to terminate his employment due to harassment, discrimination and political retaliation.

5.   More specifically, Plaintiff's Original Petition provides in pertinent part as follows:

> B.        Plaintiff suffered retaliation for expressing his views when asked by members of the Defendant board of directors. Plaintiff's employer retaliated against Plaintiff for expressing unpopular and contrary views to those of management. As a result, Plaintiff was punished for exercising his freedom of speech in violation of his common law rights **as well as his rights under the Texas and federal constitutions**.

See Plaintiff's Original Petition at p. 3.

6.   The Plaintiff's Petition is the first paper of any kind filed by Plaintiff reflecting an intention to pursue a federally based claim, here, a claim for violation of freedom of speech under the federal constitution, which necessarily comes under the U.S Constitution's 1st Amendment.

7.   It is, therefore, apparent on the face of the Original Petition that the this document constitutes an initial pleading that places DEFENDANT on notice of an intention to pursue a federally based claim, as per 28 U.S.C. §1446(b).

8.   This removal action is also brought under 28 U.S.C. §1331, involving a civil action brought in state court in which a United States District Court has original jurisdiction to consider a claim or right arising under the United States Constitution.

Defendant CCID#2's Notice of Removal                                Page 2

CutePDF - www.fasisu.com

9.   Further, this Court has jurisdiction over any state-law based claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.   Therefore, this suit is hereby removed to the Brownsville Division of the United States District Court-Southern District of Texas.

10.   Copies of all pleadings and process filed in the state court proceeding are attached hereto and incorporated by reference, including a certified copy of the state court's docket sheet pertaining to this case.   See Index to Exhibits.

11.   Notice of this removal action has been given to Plaintiff and to the 197th Judicial District Court contemporaneously with the filing of this Notice.   See Index to Exhibits.

12.   For judicial economy, the entire case, including any issues raised under the Court's supplemental jurisdiction should be tried in U.S. District Court.

13.   This removal action is timely filed within thirty days of DEFENDANT'S receipt of an initial pleading containing a federally based claim or cause of action. DEFENDANT has not done anything to divest this Court of removal jurisdiction over this lawsuit.

14.   DEFENDANT has otherwise complied with the removal requirement of Local Rule 81, including the $150 removal filing fee.   See Index to Exhibits.

## CONCLUSION & PRAYER

THEREFORE, for the foregoing reasons, DEFENDANT CCID#2 hereby removes this action pursuant to federal law and prays that the Court sustain this removal from the 197th Judicial District Court in Cameron County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, to determine all issues of fact and law.  DEFENDANT CCID#2 further requests that the Court grant any and all other relief to which it may show itself justly entitled.

SIGNED on this 9th day of May, 2001.

Respectfully submitted,

**DENTON & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

By: _____
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

Defendant CCID#2's Notice of Removal                    Page 4

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 9th day of May, 2001.

Mr. Ruben R. Pena          **By CMRRR 7000 1670 0013 4634 0514**
LAW OFFICES OF RUBEN R. PENA, P.C.
222 W. Harrison
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

RICARDO J. NAVARRO
MAURO F. RUIZ

r:\Martinez1\removal.fed

Defendant CCID#2's Notice of Removal                    Page 5

## INDEX OF EXHIBITS FILED IN SUPPORT OF REMOVAL NOTICE

A.   Plaintiff's Original Petition, containing federally based pleadings;

B.   Citation and Service of Process on Defendant CCID#2;

C.   State Court Docket Sheet;

D.   Notice of Removal filed in state district court;

E.   Complete certified copy of all pleadings, answers, and other papers contained in state district court's file;

F.   Certificate of all interested parties and counsel of record in this file.

## END OF INDEX TO EXHIBITS

Defendant CCID#2's Notice of Removal                                        Page 6

Case 1:01-cv-00076   Document 1   Filed in TXSD on 05/09/2001   Page 8 of 32

# CERTIFIED COPY

CAUSE NO. *2001-03-1588-C*

FILED _____ 0:00
AURORA DE LA GA___ ___ CLERK

MAR 29 2001

DISTRICT COURT O____ ___Y, TEXAS
_____

| | | |
|---|---|---|
| LEONARDO MARTINEZ | § | IN THE *19 7th* JUDICIAL |
| | § | |
| v. | § | |
| | § | DISTRICT COURT OF |
| CAMERON COUNTY IRRIGATION | § | |
| DISTRICT NO. 2 | § | CAMERON COUNTY, TEXAS |

## *PLAINTIFF'S ORIGINAL PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LEONARDO MARTINEZ, hereinafter referred to as plaintiff, complaining of CAMERON COUNTY IRRIGATION DISTRICT NO. 2, (hereinafter referred to as "The District") Defendant.

Pursuant to Rule 216 of the Texas Civil Procedure, PLAINTIFF DEMANDS A JURY TRIAL. For cause of action, Plaintiff would show the following:

I.

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiff affirmatively pleas that he seeks monetary relief aggregating more than $50,000.

II.

### PARTIES

Plaintiff, LEONARDO MARTINEZ, is a resident of Cameron County, Texas.

The Defendant, **CAMERON COUNTY IRRIGATION DISTRICT #2,** is a political subdivision of the State of Texas and may be served by serving its manager, Sonia Kaniger at 216 S. Sam Houston, San Benito, Texas 78586.

III.

This cause of action arises under TEX. Labor Code § 21.001 et seq., otherwise known as the Texas Commission of Human Rights Act (TCHRA), and the Texas and U.S. Constitutions.

RRP·nez
marmtez.leonardoPet.1
Plaintiff's Original Petition

CUtePDF - www.tesia.com

IV.

## FACTUAL ALLEGATIONS

The injuries and damages suffered by the plaintiff and made the basis of this action arose out of a series of occurrences which culminated on or about May 25, 2000 in Cameron County, Texas.

**LEONARDO MARTINEZ** was an employee of the Defendant on or about May, 2000. Plaintiff is a Hispanic male who was hired to work for the Defendant. Plaintiff worked for **CAMERON COUNTY IRRIGATION DISTRICT #2**.

Plaintiffs was discriminated in the following manner:

(1)     Plaintiff was harassed, discriminated, humiliated, and was retaliated;

(2)     Plaintiff was discharged with the pretext that he was not following chain of command because Plaintiff would talk to board members; and

(3)     Plaintiff was expected to work under a hostile work environment.


At all times relevant to these actions, Defendant **CAMERON COUNTY IRRIGATION DISTRICT #2** was an "employer" as that term is defined under the Texas Human Rights Act.

All these incidences continued to such a point that the Plaintiff was terminated.

Plaintiff would further show that his termination was brought about due to his race and ethnic origin. Both being in violation of the Texas Commission on Human Rights Act.

V.

Plaintiff has satisfied all prerequisites to this suit, including exhausting all required administrative remedies.

Within 180 days of the occurrence of the acts complained of, Plaintiff filed his original verified complaint with the Texas Commission on Human Rights, alleging that the Defendant had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act.

On March 2, 2001, Plaintiff received from the Texas Commission on Human Rights his "Notice of Right to File a Civil Action", giving Plaintiff notice of his right to file a civil action against the Defendant within 60 days of its receipt. A copy of this notice is attached and

incorporated by reference as Exhibit "A".

## CAUSES OF ACTION

### VI.

A. Defendant's supervisors' actions in constructively harassing Plaintiff constituted discrimination against Plaintiff on the basis of race and national origin, in violation of the Texas Human Rights Act. As a result, Plaintiff has lost wages and benefits of employment.

B. Plaintiff suffered retaliation for expressing his views when asked by members of the Defendant board of directors. Plaintiff's employer retaliated against Plaintiff for expressing unpopular and contrary views to those of the management. As a result, Plaintiff was punished for exercising his freedom of speech in violation of his common law rights as well as his rights under the Texas and federal constitutions.

### VII.

## RELIEF REQUESTED

Plaintiff is entitled to recover declaratory and injunctive relief, including back pay (wages and benefits), and front pay. Plaintiff has also had to employ an attorney to vindicate his rights under the law, and seek reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and postjudgment interest, and costs. All of Plaintiff's claims are within the jurisdictional limits of this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Court to cause the Defendant to appear and answer in this Court, and that upon final hearing, the Court grant Plaintiff the following relief:

1.   Grant Plaintiff's injunctive relief enjoining the Defendant, its agents, successors, employers, and those acting in concert with them or at their discretion from continuing to abridge the rights of Plaintiffs;

2.   Grant Plaintiff's front pay;

3.   Grant Plaintiff's back pay and all increments and all other lost benefits;

4.   Grant Plaintiff's punitive damages;

RRP:nez
marnntez.leonardoPet.l
Plaintiff's Original Petition                    Page -3-

5.    Grant Plaintiff's compensatory damages;

6.    Grant Plaintiff's prejudgment interest; and

7.    Grant Plaintiff's reasonable attorney's fees, together with their costs and such other and further relief as appears just and equitable in the circumstances of this case.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
P.O. Box 530160
222 W. Harrison
Harlingen, Texas 78550
Telephone: (956) 412-8200
Facsimile : (956) 412-8282

BY:_____
RUBEN R. PEÑA
State Bar No. 15740900
Cameron County I.D. No. 285801

ATTORNEYS FOR PLAINTIFF

**JURY DEMAND**

TO THE HONORABLE CLERK OF SAID COURT:

Plaintiff hereby demands a jury trial.

_____
RUBEN R. PEÑA

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-7-01
BY Rosie Sotelo
DEPUTY

RRP:nez
marintez.leonardoPet.1
Plaintiff's Original Petition                     Page -4-

# EXHIBIT "A"

CVisPDF – www.fastio.com



6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
http://welcome.to/tchr

(512) 437-3450
(512) 437-3478   Fax
(888) 452-4778   Toll Free
(512) 371-7473   TTY
(800) 735-2989   Texas Relay

## TEXAS COMMISSION ON HUMAN RIGHTS

*RECEIVED*
*9 2 200?*

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

RE:   Leonard Martinez   vs. Cameron County Irrigation District

TCHR Complaint Number:   2A00520-S

EEOC Charge:   360A01994

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, as amended, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case.   PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

The United States Supreme Court has held in <u>Kremer v. Chemical Construction Corporation</u>, 456 U. S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. 2000e - <u>et seq</u>.

Sincerely,

Katherine Antwi

Katherine A. Antwi
Interim Executive Director

xc:   Respondent

Case 1:01-cv-00076   Document 1   Filed in TXSD on 05/09/2001   Page 14 of 32

*2:00 pm*

Citation for Personal Service  - GENERAL                    Lit. Seq. # 5.002.01

CERTIFIED COPY          No. 2001-03-001588-C          ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CAMERON COUNTY IRRIGATION DISTRICT NO. 2
    BY SERVING ITS MANAGER
    SONIA KANIGER,
    216 S. SAM HOUSTON
    SAN BENITO, TEXAS 78586

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION        was filed on MARCH 29, 2001  .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-03-001588-C.

The style of the case is:

LEONARDO MARTINEZ
VS.
CAMERON COUNTY IRRIGATION DISTRICT NO. 2

Said petition was filed in said court by        HON. RUBEN R. PENA
(Attorney for        PLAINTIFF        ), whose address is
P.O. BOX 530160 HARLINGEN, TEXAS  78550                                    .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  2nd  day of  APRIL  A.D. 2001.

                                    AURORA DE LA GARZA        , DISTRICT CLERK
                                    Cameron County, Texas
                                    974 E. Harrison St.
                                    Brownsville, Texas 78521

                    By: _Eloisa A. Davenport_     , Deputy

CutePDF - www.fanda.com

# CIVIL DOCKET - JUDGE'S ENTRIES

RULE 26-TRCP

CERTIFIED COPY

CASE NO. 2001-05-002117-B

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| JACK R. HOWELL | 00002601 | (06) |
| VS | HON. ROBERT J. BANKS | BREACH OF CONTRACT |
| PETER REGALADO-GORT | 218 EAST HARRISON AVENUE | |
| | HARLINGEN TX      78550  0000 | |

**DATE OF FILING**

| MONTH | DAY | YEAR |
|---|---|---|
| 05 | 02 | 01 |

JURY

COURT'S DOCKET (Rule 26, TRCP)

**DATE OF ORDERS**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____ DEPUTY

RUN DATE 05/07/01
RUN TIME 1:52 PM

CERTIFIED COPY

PAGE: 01

2001-03-001588-C

* * * * * C L E R K ' S   E N T R I E S * * * *

00285801
HON. RUBEN R. PENA
P.O. BOX 530160
HARLINGEN, TEXAS          78550 0000

(10)      DECLARATORY AND INJUNCTIVE RELIEF

LAW OFFICES
OF RUBEN R. PENA, P

LEONARDO MARTINEZ

VS

CAMERON COUNTY IRRIGATION DISTRICT NO. 2

03        29        0
30.0

03/29/01   ORIGINAL PETITION FILED
03/29/01   JURY FEE: Pd. by HON. RUBEN R. PENA
04/02/01   CITATION: CAMERON COUNTY IRRIGATION
           DISTRICT NO. 2
04/02/01      SERVED: 04/10/01   FILED: 05/01/01

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____ 5-7-1
BY _____
                    DEPUTY

NO. 2001-03-1588-C

| | | |
|---|---|---|
| LEONARDO MARTINEZ | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | CAMERON COUNTY, TEXAS |
| | * | |
| CAMERON COUNTY IRRIGATION | * | 197TH JUDICIAL DISTRICT |
| DISTRICT NO. 2. | * | |
| | * | |

## NOTICE OF REMOVAL TO FEDERAL COURT

May it Please the Court:

COMES NOW, DEFENDANT CAMERON COUNTY IRRIGATION DISTRICT NO. 2.
(hereafter "DEFENDANT") and, in accordance with 28 U.S.C. §1446(b),
hereby gives this Notice of Removal of the above styled and
numbered cause from the 197th Judicial District Court of Cameron
County, Texas, to the United States District Court for the Southern
District of Texas - Brownsville Division.

SIGNED on this 9th day of May, 2001.

Respectfully submitted,

**DENTON & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _Ricardo J. Navarro_
RICARDO J. NAVARRO
State Bar No. 14829100
MAURO F. RUIZ
State Bar. No. 24007960

Defendant CCID#2"s' State Court Notice of Removal                    Page 1

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 9th day of May, 2001.

Mr. Ruben r. Pena          **By CMRRR 7000 1670 0013 4634 0514**
LAW OFFICES OF RUBEN R. PENA, P.C.
222 W. Harrison
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

RICARDO J. NAVARRO
MAURO F. RUIZ

r:\martinezl\removnot.ste

# CERTIFIED COPY

FILED _____ O'___
AURORA DE LA GARZA, CLERK
MAR 2 9 2001
DISTRICT COURT OF _____ TY, TEXAS
_____ B. _____ DEPUTY

CAUSE NO. _2001-03-1588-C_

| | | |
|---|---|---|
| LEONARDO MARTINEZ | § | IN THE _197th_ JUDICIAL |
| | § | |
| v. | § | |
| | § | DISTRICT COURT OF |
| CAMERON COUNTY IRRIGATION | § | |
| DISTRICT NO. 2 | § | CAMERON COUNTY, TEXAS |

## *PLAINTIFF'S ORIGINAL PETITION*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LEONARDO MARTINEZ, hereinafter referred to as plaintiff, complaining of CAMERON COUNTY IRRIGATION DISTRICT NO. 2, (hereinafter referred to as "The District") Defendant.

Pursuant to Rule 216 of the Texas Civil Procedure, PLAINTIFF DEMANDS A JURY TRIAL. For cause of action, Plaintiff would show the following:

I.

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiff affirmatively pleas that he seeks monetary relief aggregating more than $50,000.

II.

### PARTIES

Plaintiff, LEONARDO MARTINEZ, is a resident of Cameron County, Texas.

The Defendant, **CAMERON COUNTY IRRIGATION DISTRICT #2,** is a political subdivision of the State of Texas and may be served by serving its manager, Sonia Kaniger at 216 S. Sam Houston, San Benito, Texas 78586.

III.

This cause of action arises under TEX. Labor Code § 21.001 et seq., otherwise known as the Texas Commission of Human Rights Act (TCHRA), and the Texas and U.S. Constitutions.

CutePDF - www.fwsite.com

IV.

## FACTUAL ALLEGATIONS

The injuries and damages suffered by the plaintiff and made the basis of this action arose out of a series of occurrences which culminated on or about May 25, 2000 in Cameron County, Texas.

**LEONARDO MARTINEZ** was an employee of the Defendant on or about May, 2000. Plaintiff is a Hispanic male who was hired to work for the Defendant. Plaintiff worked for **CAMERON COUNTY IRRIGATION DISTRICT #2**.

Plaintiffs was discriminated in the following manner:

(1)     Plaintiff was harassed, discriminated, humiliated, and was retaliated;

(2)     Plaintiff was discharged with the pretext that he was not following chain of command because Plaintiff would talk to board members; and

(3)     Plaintiff was expected to work under a hostile work environment.

At all times relevant to these actions, Defendant **CAMERON COUNTY IRRIGATION DISTRICT #2** was an "employer" as that term is defined under the Texas Human Rights Act.

All these incidences continued to such a point that the Plaintiff was terminated.

Plaintiff would further show that his termination was brought about due to his race and ethnic origin. Both being in violation of the Texas Commission on Human Rights Act.

V.

Plaintiff has satisfied all prerequisites to this suit, including exhausting all required administrative remedies.

Within 180 days of the occurrence of the acts complained of, Plaintiff filed his original verified complaint with the Texas Commission on Human Rights, alleging that the Defendant had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act.

On March 2, 2001, Plaintiff received from the Texas Commission on Human Rights his "Notice of Right to File a Civil Action", giving Plaintiff notice of his right to file a civil action against the Defendant within 60 days of its receipt. A copy of this notice is attached and

incorporated by reference as Exhibit "A".

## CAUSES OF ACTION

### VI.

A.   Defendant's supervisors' actions in constructively harassing Plaintiff constituted discrimination against Plaintiff on the basis of race and national origin, in violation of the Texas Human Rights Act.  As a result, Plaintiff has lost wages and benefits of employment.

B.   Plaintiff suffered retaliation for expressing his views when asked by members of the Defendant board of directors.  Plaintiff's employer retaliated against Plaintiff for expressing unpopular and contrary views to those of the management.  As a result, Plaintiff was punished for exercising his freedom of speech in violation of his common law rights as well as his rights under the Texas and federal constitutions.

### VII.

### RELIEF REQUESTED

Plaintiff is entitled to recover declaratory and injunctive relief, including back pay (wages and benefits), and front pay.  Plaintiff has also had to employ an attorney to vindicate his rights under the law, and seek reasonable and necessary attorneys' fees.  In addition, Plaintiff seeks to recover prejudgment and postjudgment interest, and costs.  All of Plaintiff's claims are within the jurisdictional limits of this Court.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Court to cause the Defendant to appear and answer in this Court, and that upon final hearing, the Court grant Plaintiff the following relief:

1.   Grant Plaintiff's injunctive relief enjoining the Defendant, its agents, successors, employers, and those acting in concert with them or at their discretion from continuing to abridge the rights of Plaintiffs;

2.   Grant Plaintiff's front pay;

3.   Grant Plaintiff's back pay and all increments and all other lost benefits;

4.   Grant Plaintiff's punitive damages;

RRP:nez
martinez.leonardoPet.1
Plaintiff's Original Petition                          Page -3-

5.  Grant Plaintiff's compensatory damages;

6.  Grant Plaintiff's prejudgment interest; and

7.  Grant Plaintiff's reasonable attorney's fees, together with their costs and such other and further relief as appears just and equitable in the circumstances of this case.

Respectfully submitted.

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
P.O. Box 530160
222 W. Harrison
Harlingen, Texas 78550
Telephone: (956) 412-8200
Facsimile : (956) 412-8282

BY:_____
RUBEN R. PEÑA
State Bar No. 15740900
Cameron County I.D. No. 285801

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

TO THE HONORABLE CLERK OF SAID COURT:

Plaintiff hereby demands a jury trial.

_____
RUBEN R. PEÑA

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 2-7-01
BY Rosie Sotelo
DEPUTY

RRP.nez
marzntez,leonardoPet.1
Plaintiff's Original Petition                    Page -4-



6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
http://welcome.to/tchr

(512) 437-3450
(512) 437-3478  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

## TEXAS COMMISSION ON HUMAN RIGHTS



## NOTICE OF RIGHT TO FILE A CIVIL ACTION

RE:   Leonard Martinez  vs. Cameron County Irrigation District

TCHR Complaint Number:  2A00520-S

EEOC Charge:  360A01994

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, as amended, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case.   PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

The United States Supreme Court has held in Kremer v. Chemical Construction Corporation, 456 U. S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. 2000e - et seq.

Sincerely,

Katherine Antwi/rr

Katherine A. Antwi
Interim Executive Director

xc:  Respondent

*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

Citation for Personal Se ce  - GENERAL            Lit eq. # 5.002.01

CERTIFIED COPY      No. 2001-03-001588-C        ORIGINAL

T H E   S T A T E   O F   T E X A S

        NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: CAMERON COUNTY IRRIGATION DISTRICT NO. 2
    BY SERVING ITS MANAGER
    SONIA KANIGER,
    216 S. SAM HOUSTON
    SAN BENITO, TEXAS 78586

the _____DEFENDANT_____, GREETING:

        You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 197th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said _____PETITION_____ was filed on
 MARCH 29, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-03-001588-C.

The style of the case is:

                    LEONARDO MARTINEZ
                          VS.
            CAMERON COUNTY IRRIGATION DISTRICT NO. 2

Said petition was filed in said court by _____HON. RUBEN R. PENA_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 530160 HARLINGEN, TEXAS  78550                                  .

        The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

        Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the _2nd day of _____ A.D. 2001.

                                AURORA DE LA GARZA_____, DISTRICT CLERK
                                Cameron County, Texas
                                974 E. Harrison St.
                                Brownsville, Texas 78521

                        By: _Eloisa _____, Deputy

# CIVIL DOCKET - JUDGE'S ENTRIES

RULE 26-TRCP

CERTIFIED COPY

CASE NO. 2001-05-002117-B

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| JACK R. HOWELL<br>vs<br>PETER REGALADO-GORT | 00002601<br>HON. ROBERT J. BANKS<br>218 EAST HARRISON AVENUE<br>HARLINGEN TX   78550 0000 | (06)<br>BREACH OF CONTRACT |

DATE OF FILING — MONTH 05  DAY 02  YEAR 01

COURT'S DOCKET (Rule 26, TRCP)

DATE OF ORDERS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____ DEPUTY

Case 1:01-cv-00076   Document 1   Filed in TXSD on 05/09/2001   Page 26 of 32

CERTIFIED COPY

RUN DATE 05/07/01
RUN TIME  1:52 PM

PAGE: 01

2001-03-001588-C

* * * * C L E R K ' S   E N T R I E S * * * *

00285801
HON. RUBEN R. PENA
P.O. BOX 530160
HARLINGEN, TEXAS          78550 0000

LEONARDO MARTINEZ

VS

CAMERON COUNTY IRRIGATION DISTRICT NO. 2

03        29        01

(10)        DECLARATORY AND INJUNCTIVE RELIEF

LAW OFFICES
OF RUBEN R. PENA, P

03/29/01   ORIGINAL PETITION FILED
03/29/01   JURY FEE: Pd. by HON. RUBEN R. PENA
04/02/01   CITATION: CAMERON COUNTY IRRIGATION
           DISTRICT NO. 2
04/02/01            SERVED: 04/10/01      FILED: 05/01/01

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
DATE _____
BY _____
        DEPUTY

# R E T U R N   O F   O F F I C E R

Came to hand the 5 day of _April_, _2001_, at _8:00_ o'clock A.M., and executed (not executed) on the _10_ day of _April_, _2001_, by delivering to _Plaintiff's Original Petition_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiffs Original Petition_.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $ _45_

Fees paid by:_____

_Conrado M. Cantu_

Sheriff/constable _Cameron_ County, TEXAS

By _____ Deputy



FILED _11:50_ O'CLOCK _A_ M

AURORA DE LA GARZA DIST. CLERK

MAY 0 1 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS

DEPUTY

A TRUE COPY I CERTIFY

AURORA DE LA GARZA, CLERK

DISTRICT COURT CAMERON COUNTY, TEXAS

DATE _5/7/01_

BY _____

DEPUTY

# R E T U R N   O F   O F F I C E R

Came to hand the _5_ day of _April_, _2001_, at _8:00_ o'clock _A_.M., and executed (not executed) on the _10_ day of _April_, _2001_, by delivering to _Plaintiff's Original Petition_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiffs Original Petition_ .

Cause of failure to execute this citation is: _____
_____

FEES serving 1 copy

Total....... $ _45_           _Conrado M. Cantu_
                             Sheriff/constable _Cameron_ County, TEXAS
Fees paid by:_____            By _____ Deputy

FILED _11:50_ O'CLOCK __M
AURORA DE LA GARZA DIST. CLERK

MAY 0 1 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _5/7/01_
BY _____
DEPUTY

# CERTIFIED COPY

## NO. 2001-03-1588-C

| | | |
|---|---|---|
| LEONARDO MARTINEZ | * | IN THE DISTRICT COURT |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| VS. | * | 197TH JUDICIAL DISTRICT |
| | * | |
| CAMERON COUNTY | * | |
| IRRIGATION DISTRICT #2 | * | |
| **Defendant** | * | CAMERON COUNTY, TEXAS |

### ORIGINAL ANSWER OF DEFENDANT CCID#2
### TO PLAINTIFF LEONARDO MARTINEZ' ORIGINAL PETITION

May It Please The Court:

NOW COMES DEFENDANT, CAMERON COUNTY IRRIGATION DISTRICT NO. 2 (hereafter "CCID#2"), and files this Original Answer to Plaintiff Leonardo Martinez' Original Petition.

### I.
### GENERAL DENIAL

DEFENDANT CCID#2 generally denies all material allegations contained in Plaintiff's Original Petition and calls upon Plaintiff to prove his allegations by a preponderance of the evidence as required by the laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

**Sovereign Immunity**

DEFENDANT CCID#2 hereby asserts the affirmative defense of sovereign and governmental immunity from any and all state or common law causes of action asserted by Plaintiff. In this regard,

Original Answer of CCID#2 To Plaintiff
Leonardo Martinez' Original Petition

FILED ___12 45___ O'CLOCK _____
AURORA DE LA GARZA DIST. CLERK

MAY - 3 2001   F-25

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Page 1

CCID#2 pleads the limitations, exclusions and provisions available to it under Texas law, whether based on statute or on common law.

## Limitations

DEFENDANT CCID#2 also hereby asserts the affirmative defense of limitations from any statutory or common law causes of action asserted by Plaintiff, including any administrative limitations periods applicable to Plaintiff's claims, with particular regard to the claim brought pursuant to Chapter 21, Texas Labor Code.

## Notice Requirements

DEFENDANT CCID#2 also hereby pleads as a defense, Plaintiff's failure to timely satisfy any and all applicable notice or other filing requirements imposed by law as a precondition to the Court's exercise of jurisdiction over this matter and the imposition of any liability.

## Administrative Limitations

DEFENDANT CCID#2 also hereby pleads as a defense, Plaintiff's failure to timely satisfy any and all applicable administrative filing requirements imposed by law as a precondition to the Court's exercise of jurisdiction over this matter and the imposition of any liability, with particular regard to the claim brought pursuant to Chapter 21, Texas Labor Code.

## Exhaustion

DEFENDANT CCID#2 also hereby pleads as a defense, Plaintiff's failure to timely exhaust any and all administrative filing

Original Answer of CCID#2 To Plaintiff
Leonardo Martinez'Original Petition                    Page 2

requirements imposed by law as a precondition to the Court's exercise of jurisdiction over this matter and the imposition of any liability.

## Statutory Caps

DEFENDANT CCID#2 also hereby asserts as a defense the statutory caps on damages to which it is entitled under Texas law. The TOWN does not waive any immunity beyond the statutory caps allowed for under Texas law, with particular regard to the claim brought pursuant to Chapter 21, Texas Labor Code.

## Failure to Mitigate

DEFENDANT CCID#2 hereby asserts as a defense to claims of lost pay and or damages, Plaintiff's failure to mitigate the loss of pay and/or damages allegedly suffered.

### CONCLUSION

THEREFORE, based on the foregoing general denial, as well as the affirmative defenses pleaded against Plaintiff's claims, DEFENDANT CCID#2 prays that upon final hearing of this case Plaintiff take nothing by this suit and that all relief sought by Plaintiff be denied. DEFENDANT further prays that it be awarded such other and further relief, at law or in equity, to which it may show itself justly entitled.

SIGNED on the _3 nd_ day of May, 2001.

Respectfully submitted,

**DENTON & NAVARRO**
A Professional Corporation
222 E. Van Buren #405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
MAURO F. RUIZ
State Bar No. 24007960

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 3rd day of May, 2001.

Mr. Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA, P.C.
222 W. Harrison
P.O. Box 530160
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFF

*Ricardo J. Navarro*
RICARDO J. NAVARRO

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5/7/01
BY *Rosie Astudillo*
DEPUTY

r:\martinezl\answer.1st

Original Answer of CCID#2 To Plaintiff
Leonardo Martinez'Original Petition

Page 4