```
                United States District Court
                Southern District of Texas
                          FILED

                       SEP 1 4 2001

                      Michael N. Milby
                       Clerk of Court
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LEONARDO MARTINEZ | § | |
| JOSE MARTINEZ | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | CAUSE NO. B-01-076 |
| | § | |
| | § | Consolidated with |
| CAMERON COUNTY IRRIGATION | § | |
| DISTRICT NO. 2 | § | Cause No. B-01-107 |
|     Defendant | | |

### AMENDED JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

---

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The parties met by telephone on Monday, August 20, 2001. Mr. Ruben Pena, attended on behalf of Plaintiffs, Leonardo Martinez and Jose Martinez. Ms. Valerie R. Esparza attended for Defendant, Cameron County Irrigation District No. 2. The parties further met by telephone on Friday, September 14, 2001.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   *Jose Martinez vs. Cameron County Irrigation District No. 2*, Civil Action No. B-01-107, in the U.S. District Court for the Southern District of Texas, Brownsville Division (Magistrate Judge Black)

Amended Joint Discovery/Case Management Plan

**3.   Briefly describe what this case is about.**

This case arises out the decision to terminate Plaintiffs arising out of the Texas Labor Code, Subsection 21.001 et. seq. other wise known as the Texas Commission of Human Rights Act and the Texas and U.S.Constitution. Plaintiffs believe that they were discriminated, harassed, humiliated and were retaliated because they were not following the chain of command and were not allowed to exercise their freedom of speech in violation of their common law rights and were expected to work under a hostile work environment. Plaintiff Jose Martinez alleges that he injured his back during his employment with the Defendant. Jose Martinez and his brother were hired at minimum wage and were assigned to work with one of the district work crew. The general manager subsequently terminated their employment with the District on May 25, 2000 when it became apparent that both Martinez brothers seemed to believe that their personal friendship with one of the district board members somehow gave them a privileged status within the organization. For this reason, the general manager terminated the employment of Jose and Leonardo Martinez for the following reasons:(1) disrupting the work environment and (2) failing to follow the chain of command.

**4.   Specify the allegation of federal jurisdiction.**

42 U.S.C. § 1983

**5.   Name the parties who disagree and the reasons.**

None

**6.   List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

None

**7.   List anticipated interventions.**

None

Amended Joint Discovery/Case Management Plan

Page 2

8.  **Describe class-action issues.**

    Not applicable.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Plaintiff anticipates making his initial disclosures by **August 31, 2001.**

    Defendant made its initial disclosures to Plaintiff on **August 6, 2001.**

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

    With respect to Rule 26(f)(1), please refer to response for No. 9, *supra*.

    With respect to Rule 26(f)(2), Plaintiff and Defendants will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiff and Defendants anticipate discovery will be completed within 180 days from the scheduled pre-trial conference of September 17, 2001.

    With respect to Rule 26(f)(3), no changes needed at this time, subject to the arrangements of the parties.

    With respect to Rule 26(f)(4), none at this time.

    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiff anticipates sending a first set of written discovery, consisting of Request for Admissions, Interrogatories, and Request for Document Production, to Defendant no later than **September 30, 2001.**

    C.  **When and to whom the defendant anticipates it may send**

Amended Joint Discovery/Case Management Plan

Page 3

        **interrogatories.**

Defendant anticipates sending a first set of written discovery, consisting of Request for Admissions, Interrogatories, and Request for Document Production, to Plaintiff no later than **October 19, 2001.**

**D.   Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of Sonia Kaniger and a representative of Defendant CCID, by no later than **October 30, 2001.**

Plaintiff also anticipates that he may need to take additional depositions of witnesses who may surface during the discovery period.

Plaintiff will take these depositions at a time convenient to both Plaintiff's and Defendant's counsel.

**E.   Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipate the need to take the deposition of Plaintiff Leonardo Martinez by no later than **November 30, 2001.**

Defendant will take this deposition, and any other additional depositions as the need may arise, at a time convenient to both Plaintiff's and Defendant's counsel.

**F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates designating its expert and providing a report by **December 15, 2001.** Defendant anticipates designating their responsive expert(s) as soon as practicable after Plaintiff's expert designation and production of Plaintiff's expert's report.

**G.   List expert depositions the plaintiff (or the party with**

the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff will depose any expert designated as soon as practicable after Defendant's designation and production of expert report(s), but no later than 60 days after such designation.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates taking the deposition of any expert designated by the Plaintiff as soon as practicable after Plaintiff's designation and receipt of Plaintiff's expert reports, but no later than 90 days after such designation.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.**

The parties do not anticipate any disagreements regarding the proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

There has been no formal discovery exchanged to date.

13. **State the date the planned discovery can reasonably be completed.**

Parties expect discovery to be completed within 180 days from the initial pre-trial scheduling conference.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties will discuss mediation following preliminary discovery. At this time, the parties are in no position to initiate settlement negotiations.

Amended Joint Discovery/Case Management Plan

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The parties have not agreed to resolve this matter at this time. Only after discovery is exchanged and depositions of the relevant parties and witnesses are taken will the parties be in a position to approach potential settlement of this matter. Until then, the parties are in no position to initiate settlement negotiations.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   Defendant asserts mediation is a possibility after full discovery. Plaintiff suggests that a mini-trial might be most suitable for this case.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on trial before a magistrate judge.**

   The parties do not agree to a Magistrate Judge at this time.

18. **State whether a jury demand has been made and if it was made on time.**

   Plaintiff has made a timely jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

   The parties believe it will take 20-24 hours or approximately 3 days to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   There are no pending motions at this time.

Amended Joint Discovery/Case Management Plan

21. **List other motions pending.**

    There are no pending motions at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    There are none at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Defendant filed their Disclosure of Interested Parties on May 9, 2001. Plaintiff filed his Disclosure of Interested Parties on June 6, 2001.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

_Ruben Pena by permission/VRE_          9/14/01

**Counsel for Plaintiff**          Date
Ruben Pena
State Bar No. 15740900
So. Dist. I.D. No. 1216
222 W. Harrison
Harlingen, Texas 78550
956/412-8200 (gen)
956/412-8282 (fax)

_____         9/14/01
**Counsel for Defendants**             _____
Mr. Ricardo J. Navarro            Date
State Bar No. 14829100
So. Dist. I.D. No. 5953
VALERIE R. ESPARZA
State Bar No. 24002059
So. Dist. ID No. 23621
**DENTON, NAVARRO & BERNAL**
222 E. Van Buren #405
Harlingen, Texas 78550
956/421-4904 (gen)
956/421-3621 (fax)

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 14th day of September, 2001.

Mr. Ruben Pena
LAW OFFICE OF RUBEN PENA
222 W. Harrison
Harlingen, Texas 78550

_____
RICARDO J. NAVARRO
VALERIE R. ESPARZA