# Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

OCT 22 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| **JUDGE** | Hilda G. Tagle |
| **CASE MANAGER** | Stella Cavazos |
| **LAW CLERK** | ☐ Roberts    ■ Lehrman |
| **DATE** | 10 / 22 / 01 |
| **TIME** | 1:35 p.m. — 1:42 p.m. |
| **CIVIL ACTION** | B - 01 - 076 |
| **STYLE** | Leonardo & Jose Martinez *versus* Cameron County Irrigation |

**DOCKET ENTRY**

(HGT)  ☒ Initial Pre-Trial Hearing;    (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):    Miguel Salinas appeared for Ruben Pena.

Attorney(s) for Defendant(s):    Ricardo Navarro and Valerie Esparza

☒    Rulings orally rendered on:

Mr. Salinas announced that he was appearing for Mr. Pena. The court stated that at the previous pretrial conference, Mr. Pena did not respond when the case was called. Mr. Pena came to Court later that day and apologized for not being there. The Court excused him for not being present. The Court received the motion for substitution this morning and denied it. The Court then received the Motion for leave to file for a continuance, and denied it because it is not timely enough. Given that this case was called weeks ago, the Court gave Mr. Pena the benefit of the doubt and **ORDERED** Mr. Pena to appear instanter to show cause why he should not be held in contempt.

The court asked Mr. Navarro: What is the procedural posture of case? Mr. Navarro replied that the two cases were consolidated. Cause #s 076 & 107. The Rule 26 joint discovery/case management plan is on file. The parties are proceeding with discovery. At pretrial on the first case, the magistrate consolidated the two cases. #76 (the lower numbered case) is Judge Tagle's case.

The Court asked if an answer been filed. Mr. Navarro stated that he had filed general denials in both cases in state court, but cannot file a federal answer under Rule 81. Both cases were removed and then consolidated. The Rule 26 plan was filed initially before consolidation. The deadlines for the second case are more appropriate than the deadlines for the first case. The Court reminded counsel that the Rule 26 plan stated that the parties would know after some discovery whether they would be amenable to mediation, and asked how far along is discovery in this regard. The Court stated her intention to send this case to Judge Recio for mediation. Defendant has done written discovery will complete depositions, then will evaluate dispositive motions and settlement possibilities. Parties should probably be ready for trial or mediation by mid-December or early part of next year. The Court said to report to her in next 10 days, by 11/15 whether mediation will be most appropriate before the end of the year or in the new year. Mr. Navarro stated that there is no scheduling order. The Court asked for a proposed scheduling order TODAY. The Court does not want the deadline for dispositive motions to come up against the date for mediation. Mr. Navarro wants to have a dispositive motion on file during mediation, because it makes the mediation more likely to succeed. He stated that it makes parties focus on the important issues in the case. The Court responded, after 1st. IPTC, the Court will allow Mr. Navarro to write up scheduling order and Mr. Pena will have to live with it.