21

United States District Court
Southern District of Texas
FILED

JAN 2 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LEONARDO MARTINEZ and JOSE       §
MARTINEZ,                        §
          Plaintiffs             §
                                 §
VS.                              §          Civil Action No. B-01-076
                                 §
CAMERON COUNTY IRRIGATION        §       (consolidated with B-01-107)
DISTRICT NO. 2,                  §
          Defendant              §

DEFENDANT CAMERON COUNTY IRRIGATION DISTRICT NO.2'S
MOTION FOR SUMMARY JUDGMENT & BRIEF IN SUPPORT THEREOF
_____

May It Please the Court:

## NATURE OF THE CASE

This is an employment action arising out of the termination of Plaintiffs Leonardo and Jose Martinez from their respective employment positions as crew workers for the IRRIGATION DISTRICT by its General Manager, Sonia Kaniger. The claims allege retaliation pursuant to the First Amendment and the state worker's compensation anti-relation law, as well as national origin discrimination pursuant to Title VII and Chapter 21, Tex. Labor Code.

## PROCEDURAL HISTORY & STAGE OF THE PROCEEDINGS

General Manager Kaniger terminated Plaintiffs from their positions as crew workers with the CCID#2 on May 25, 2000. Both Plaintiffs then subsequently filed administrative complaints

before the EEOC and the TCHR, the federal and state agencies charged with investigation of discrimination complaints. Plaintiffs satisfied the administrative exhaustion requirements imposed by law, albeit at different times. Two separate right to sue letters were issued.

Plaintiff Leonardo Martinez filed his Original Petition on March 29, 2001 in the 197th Judicial District Court, Cameron County, Texas. Plaintiff Jose Martinez filed his Original Petition on May 23, 2001 in the 138th Judicial District Court, Cameron County, Texas against CCID#2.

CCID#2 timely removed Plaintiff Leonardo Martinez' suit to this Court on May 9, 2001. It later also timely removed Plaintiff Jose Martinez' suit to this Court on June 21, 2001. On the Court's initiative, the two removed cases were consolidated by Court Order dated August 24, 2001.[1]

The Court entered a Scheduling Order governing the consolidated cases on October 25, 2001.

---

[1] There are, therefore, two live pleadings in the case, one for Leonardo and the other for Jose, Martinez since this consolidated lawsuit incorporates the removal of two separate cases from state district court. Plaintiffs have not re-pleaded in a joint amended complaint since the time that the removed cases were consolidated.

**Status of Discovery**

Since the removal of the two cases, the parties have engaged in both written and deposition discovery in the case. The Parties have exchanged requests for admissions, interrogatories, and document production requests. Also, the Parties to the case have each been deposed. There are no pending discovery disputes. Further, the parties have the benefit of the initial disclosures as to each Plaintiff. Also, the Parties have the benefit of the administrative investigative files developed by both the EEOC and the TCHR in this cause.

Finally, the discovery deadline under the Scheduling Order lapsed on December 31, 2001. The deadline for filing of this dispositive motion is January 25, 2002.

## STATEMENT OF ISSUES PRESENTED FOR RULING

The issues presented and addressed in this motion are outlined as follows:

1.    Whether either of the Plaintiffs' engaged in protected speech at all.

2.    Whether the protected speech, if any, was a substantial factor in motivating the adverse action taken by General Manager Kaniger.

3.    Whether there is any competent evidence in support of Plaintiffs' prima facie case of national origin and race discrimination claim.

4. Whether there is any competent evidence in support of Plaintiff Jose Martinez' claim of retaliation for reporting work injuries.

## SUMMARY OF THE ARGUMENT

The IRRIGATION DISTRICT can establish, as a matter of law, the following matters:

1. That neither Plaintiff can demonstrate that they engaged in any protected conduct qualifying as speech on a mater of public concern which overrides the IRRIGATION DISTRICT's interest in order and efficiency;

2. That, assuming the Court determines some conduct to be protected, that nevertheless neither Plaintiff can demonstrate that the adverse action at issue was substantially motivated in retaliation for any protected conduct, as opposed to a legitimate reasons;

3. That there is no competent prima facie evidence in support of the claims for ethnic discrimination (Mexican) sufficient to justify shifting the burden of proof to the IRRIGATION DISTRICT to demonstrate a legitimate reason for discharge;

4. That even if the Court should ultimately determine that the summary judgment record contains sufficient evidence on the claim of ethnic discrimination (Mexican) to shift the burden of proof to the DISTRICT, the DISTRICT can demonstrate, as a matter of law, a legitimate reason for the adverse action;

5. That, in further connection with the burden shifting analysis, the Plaintiffs can not demonstrate any evidence in support of a showing that the proffered legitimate reason for the discharge was pretextual;

6. That with respect to the claim by Jose Martinez of worker's compensation retaliation under state law, Jose Martinez can not proffer any evidence creating a fact issue in support of the claim that he was fired for reporting a worker's compensation injury claim.

## UNDISPUTED MATERIAL FACTS

Sonia Kaniger, the General Manager of CCID#2 hired Plaintiffs as crew workers on or about March 30, 2000 upon the insistence of Gus Cantu, a CCID NO.2 Board member. *See* EXHIBIT A, Kaniger Depo at pp. 26-27.

As the General Manager, Kaniger has the authority to hire and fire IRRIGATION DISTRICT employees. Kaniger terminated Plaintiffs employment less than sixty days after they were hired, on May 25, 2000. *Id.* at p. 22. Further, all employees of the IRRIGATION DISTRICT are at will, that is, they have no property interest in their jobs. *See* EXHIBIT C, Personnel Manual at p. 2.

Kaniger, acting in her capacity as General Manager, separated Plaintiffs from their positions because of her reasonable good faith belief that Plaintiffs were 1) disruptive to the work environment, 2) missed work without permission, and 3) failed to follow the chain of command within CCID#2 with regard to their complaints. *See* EXHIBIT A, Kaniger Depo at pp. 8-12; *see generally* EXHIBIT C, Policy Manual at pp. 13, 19 (§§ 7.02 & 8.07).

At the time Kaniger discharged Plaintiffs, she had formed the reasonable and good faith belief that Plaintiffs disrupted

the work environment by telling other employees that, because of their friendship with a CCID#2 Board Member, they could get individual employees fired, that they would become supervisors before more senior employees, and that when Plaintiffs did become supervisors they would fire certain employees. *See* EXHIBIT A, Kaniger Depo at pp. 8-12.

Kaniger was also aware that Plaintiff Jose Martinez had disrupted the work environment when he exchanged words with a co-worker, Tony Martinez, which resulted in a pushing shoving incident that occurred during work hours. *See* EXHIBIT D, Responses to JM Interrogatories No. 17. Jose Martinez admits that the incident occurred with a co-worker, Tony Martinez. *See also* EXHIBIT B.2, J.Martinez Depo at pp. 29-31.

Plaintiffs had a chance meeting with a CCID#2 Board Member, Gus Cantu, while off work, where only general salutations were exchanged between the three men. *See* EXHIBIT B.2, J.Martinez Depo at pp. 42-45; 59-60; *see also* EXHIBIT B.1, L.Martinez Depo at pp. 14-17. At that chance meeting however, Cantu pulled Leonardo Martinez aside and inquired whether he had any "problems" to report. *See* EXHIBIT B.1, L.Martinez Depo at pp. 21-22.

Cantu later invited Leonardo Martinez to report these problems to the CCID#2 Board.  At the Board meeting Leonardo reported two "problems."  One was that he had seen a heavy equipment operator, Andrew Aguilar, drink on the job.  The other was that, in his view, things could be run more efficiently. *See* EXHIBIT B.1, L.Martinez Depo at pp. 39-41.

In addition to the other reasons for termination outlined by Kaniger, she believed that Plaintiffs failed to follow the chain of command in their complaints, which was also disruptive to the work environment. Plaintiff Leonardo admits that he did not follow the chain of command in making his complaints. *See* EXHIBIT A, Kaniger Depo at  p. 32; *see also* EXHIBIT B.2, L.Martinez Depo at 18-21.  In short, neither Plaintiff followed the chain of command set out in the CCID#2's Personnel and Policy Manuel.  *See* EXHIBIT C, Policy Manual § 3.05; *see also* EXHIBIT B1, L.Martinez Depo at pp. 18-21.

Further, after Plaintiffs requested and were granted permission to take two days off work, May 22 and 23, 2000, they failed to report for work the following day, May 24, 2001 without permission.  *See* EXHIBIT A, Kaniger Depo at  pp. 9-10.

Because of their absence and their disruption of the work place, Plaintiffs' supervisor Emilio Trevino recommended to

Sonia Kaniger that the Plaintiffs' employment be terminated. *See* EXHIBIT E, Responses to LM Interrogatories No. 20; *see also* EXHIBIT D, Responses to JM Interrogatories No. 15.

When Plaintiffs returned to work on May 25, 2001, Kaniger terminated their employment based on the information available to her at the time, including the recommendation of her mid-level supervisor. *Id.*

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment should be granted if, upon review of the evidence presented in the light most favorable to the non-moving party, it nevertheless appears from the record that there is no genuine issue as to any material fact related to an essential element of a claim such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial – therefore, there can be no genuine issue of material fact on that claim or cause of action. *Celotex Corp.*, 477 U.S. at 323. Further, the non-moving party can not establish a genuine issue of material fact by resting on the

mere allegations of his pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986). FED. R. CIV. P. 56(c) permits summary judgment even if the parties disagree as to some of the facts; more specifically, summary judgment is precluded only if the disputed facts "might affect the outcome of the suit under the governing law" and if the dispute is genuine. *Anderson*, 477 U.S. at 247-48. A dispute is considered genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

### ARGUMENT & AUTHORITIES

**A.    Neither Plaintiff Engaged In Any Speech That Qualified As a Matter of Public Concern.**

As to the contention that they were fired in retaliation for exercise of their First Amendment rights (under 42 U.S.C. § 1983), Plaintiffs must satisfy the following four elements of this cause of action: 1) that they suffered an adverse employment action; 2) that the alleged speech in question was on a matter of public concern protected by the First Amendment; 3) that the individual's interest in commenting on matters of public concern outweighs the IRRIGATION DISTRICT's interest in government order and efficiency; and 4) that the adverse action was motivated by the protected First Amendment conduct. *Serna v. City of San Antonio*, 244 F.3d 479, 482 (5th Cir. 2001);

*Harris v. Victoria ISD*, 168 F.3d 216, 220 (5th Cir. 1999), *cert. denied*, 528 U.S. 1022 (1999).

Whether a plaintiff's speech is a matter of public concern depends on the circumstances of its utterance. *Denton v. Morgan*, 136 F.3d 1038, 1043 (5th Cir. 1998); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1050 (5th Cir. 1996). In determining whether a plaintiff's speech is of public concern, the Court must determine whether the speech was primarily in his role as citizen or primarily in his role as employee. *Denton*, 136 F.3d at 1042; *Wallace*, 80 F.3d at 1050.

Further, in making the analysis, the U.S. Supreme Court has recognized that the government prerogatives as an employer give it far broader powers to restrict and control speech as opposed to its role as a sovereign. *See Waters v. Churchill*, 511 U.S. 661, 671-72, 674-75 (1994). Further, if Kaniger acted based on the reasonable belief that the conduct of the Plaintiffs did not implicate protected speech, but rather unprotected, and disruptive conduct, then no First Amendment issue is implicated. *Id.* 511 U.S. at 680-81.

### Jose Martinez: First Amendment Allegations

Plaintiff Jose Martinez grounds his First Amendment allegations on an incident in which he and his brother,

Leonardo, happened to come across Gus Cantu, A CCID#2 Board Member while off working hours.    *See* EXHIBIT B.1, J.Martinez Depo at pp. 42-45; 59-60. The conversation involved mostly an exchange of pleasantries.    *Id*. at p. 43-44; 60.   At no time did Jose Martinez make any complaints to Board Member Cantu about any problems at the IRRIGATION DISTRICT.

**Leonardo Martinez: First Amendment Allegations**

Leonardo Martinez grounds his First Amendment allegations on two separate, but related incidents.   Leonardo contends that at the meeting with Board Member Cantu in the street, he brought to Cantu's attention improper drinking on the job by a heavy equipment operator named Andrew Aguilar.   Leonardo testifies that he also reported this practice to the CCID#2 Borad, at the request of Board Member Cantu.   *See* EXHIBIT B.1, L.Martinez Depo at pp. 14-17.

Leonardo Martinez also admits, however, that he never reported Andrew Aguilar's drinking to his immediate supervisor, or, for that matter, to the next level supervisor in the chain of command.   *Id*. at pp. 18-20.   Leonardo Martinez further admits that had Board Member Cantu no asked about whether there were any problems at the IRRIGATION DISTRICT, he never would have

reported Andrew Aguilar's drinking on the job to anyone. *Id*. at p. 20-21.

The communications with a Board Member on the street amounted to pleasantries, and do not implicate any matters of public concern. Consequently, it can not serve as a motivating factor for the termination.

The only conduct which could arguably qualify as protected under the First Amendment involves Plaintiff Leonardo Martinez' subsequent address to the CCID#2 Board, at the request of Board Member Cantu.   At that Board meeting, Leonardo Martinez' comments related to his views of the day to day operations of the IRRIGATION DISTRICT, and things Plaintiffs would like to see done differently.   *See* EXHIBIT B.1, L.Martinez Depo at pp. 39-43.   Kaniger was present at the meeting, so she was aware of the comments.

However, the communications do not, as a matter of law, qualify as protected conduct on a matter of public concern. Leonardo Martinez was addressing matters related to operational criticisms of the IRRIGATION DISTRICT, not matters of public concern. *See* EXHIBIT B.1, L.Martinez Depo at pp. 39-43.

The Plaintiffs have not alleged, nor is there any evidence, that they were reporting corruption or wrongdoing to higher

authorities, or other such allegations that would more arguable qualify as matters of public concern.

Therefore, as to both Plaintiffs, there is simply no conduct that qualify for First Amendment protection.  If there is no conduct that qualifies for First Amendment protection, then Plaintiffs lack an essential element of the First Amendment claim, and the cause of action under 42. U.S.C. §1983 must fail.

**Disruptive Effect**

In evaluating whether a First Amendment issue is implicated, the Court must also take into account the government's interest in order and efficiency, and the potential disruptive effect of the alleged protected speech.  *Connick v. Meyers*, 461 U.S. 138, 142 (1983).

Here, Leonardo Martinez admits that he never brought his complaint about Andrew Aguilar's drinking on the job to the attention of their immediate supervisor, or, for that matter, to the next level supervisor in the chain of command.  *See* EXHIBIT B.2, L.Martinez Depo at pp. 18-20.  Leonardo Martinez further admits that but for Board Member Cantu's inquiries about whether there were any problems at the IRRIGATION DISTRICT, he never would have reported Andrew Aguilar's drinking on the job to anyone.  *Id.* at p. 20-21.

Against this backdrop, Kaniger was justified in her concerns that the Martinez brothers were capitalizing on their relationship with a Board member, and that because of this, they were not willing to follow a set chain of command in reporting their complaints. *See* EXHIBIT C, Personnel Policy at p. 7 (Grievance Procedures).

**B.    There Is No Evidence That General Manager Kaniger Fired Plaintiffs' Because of the Alleged Protected Speech.**

Even assuming, for the sake of argument, that some component of Plaintiffs' speech was a matter of public concern, the CCID#2 can escape liability by showing that it would have taken the same action even in the absence of the alleged protected conduct. *Mt. Healthy Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Thus, assuming that Plaintiff Leonardo Martinez' comments to the CCID#2 Board qualified as speech was on a matter of public concern, Kaniger had independent grounds and reasons for terminating the Martinez Brothers employment. She had independent evidence that the brothers were stirring up the co-workers by flaunting their friendship with a Board Member, that one of the brothers had been involved in a scuffle with another long term worker, and that they brothers had taken an unauthorized extra day of leave. These are all independent, and

non-First Amendment grounds upon which Kaniger could legitimately take action.

## C. There Is No Evidence of Race or National Origin Discrimination.

For the Plaintiffs to establish a *prima facie* case of discrimination under Title VII, they must meet the following elements: 1) that they belong to a protected group; 2) that they were qualified for their positions; 3) that they were dismissed or suffered an adverse employment action; and 4) that Defendant sought to replace them with similarly qualified white males. *Ward v. Bechtel Corporation,* 102 F.3d 199, 202 (5th Cir. 1997). Plaintiffs cannot make this *prima facie* showing. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981); *St. Mary's Honor Society v. Hicks*, 509 U.S. 502 (1993); *Reeves v. Sanderson Plumbing*, 530 U.S. 133 (2000).

CCID#2 hired Hispanic males to replace Plaintiffs. *See* EXHIBIT E, Responses to LM Interrogatories No. 15. Since Plaintiffs were not replaced by similarly qualified white males, they cannot satisfy the fourth element of their claim, making summary judgment against them proper as a matter of law.

Moreover, the only evidence that Plaintiffs can offer in support of their claim to national origin discrimination is the fact that 1) they were fired and 2) that they are Mexican:

> Q. ... But what can you tell me that happened to you, as far as what happened or what people said to you or what Sonia Kaniger said to you, that makes you feel that yo got fired because you're Hispanic?
>
> A. Because I'm Mexican that is why.
>
> Q. Okay, just the fact that you are Mexican?
>
> A. Correct.
>
> Q. All right. Is what [sic] you're going by?
>
> A. Yes.

See EXHIBIT B.1, L.Martinez Depo at pp. 34. Jose Martinez provides similar testimony, but contends that being reassigned from one work crew to another is further evidence of anti-Mexican animus. See EXHIBIT B.2, J.Martinez Depo at pp. 54-55.

Plaintiffs' subjective belief that because they are Mexican, and because they suffered an adverse personnel action is not, without more, enough evidence to survive a summary judgment motion. See Elliott v. Group Medical & Surgical Service, 714 F.2d 556, 564 (5th Cir.1983), cert. denied, 467 U.S. 1215, 104 S.Ct. 2658 (1984); Auguster v. Vermilion Parish School Board., 249 F.3d 400, 403 (5th Cir.2001); Douglas v. United Automobile Ass'n, 79 F.3d 1415, 1430 (5th Cir.1996)(en banc).

As stated in *Reeves*, an "employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if plaintiff created only a weak issue of a fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." 530 U.S. at 148.

Here, there is solid evidence that Plaintiff's were fired for reasons other than anything having to do with their national origin. In the absence of any contrary proof, this cause of action, as to both Plaintiffs, should be dismissed.

**D.    There Is No Evidence of Retaliation against Plaintiff Jose Martinez for Making a Worker's Compensation Claim.**

Plaintiff Jose Martinez asserts a cause of action claiming he was retaliated against for reporting a work injury. Plaintiff Leonardo Martinez asserts no such claim.

An employer may not discharge or in any other manner discriminate against an employee because the employee filed a claim, hired a lawyer to represent him in a claim, or instituted a proceeding under the Texas Workmen's Compensation Act.

*Swearingen v. Owens-Corning Fiberglas Corp.* 968 F.2d 559, 561 (5th Cir. 1992).[2]

Jose Martinez' worker's compensation claim turns on the fact that when he got hurt he went to his supervisor, Emilio Trevino to report the injury, and that Trevino told him to wait until the next day to see how he felt. See EXHIBIT B.2, J.Martinez Depo at pp. 56-58. Nevertheless, Jose Martinez went to a doctor. He feels that this is one of the reasons he got fired. *Id.* at 58.

**No Protected Conduct Under the Statute**

Section 451.001 provides that "A person may not discharge or in any manner discriminate against an employee because the employee has: (1) filed a workers' compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or (4) testified or is about to testify in a proceeding under Subtitle A. Section 451.001, Texas Labor Code.

As an initial matter, it does not appear that the factual basis alleged by Plaintiff Jose Martinez falls within any of the

---

[2] Plaintiff Jose Martinez has not cited any authority for this cause of action but such a claim is recognized by state law under Texas Labor Code §451.001. Plaintiff Leonardo Martinez has not pleaded any such claim.

criteria set forth in the statute.    In other words, he has not alleged any facts covered by the statute, and therefore can not claim to tie his termination to his conversation with a supervisor.

Secondly, there is no evidence in the record that General Manager Kaniger was motivated in her decision to fire Jose Martinez *because* he had gone to see a doctor for a work related injury.    *See Continental Coffee v. Casarez*, 937 S.W.2d 444, 450-51 (Tex. 1996)("because" standard adopted under statutory worker's compensation retaliation cases) ; *see also Texas Dept. Of Human Services v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995)("because" causation standard adopted in context of statutory whistleblower act cases).    Here, Plaintiff Jose Martinez does not, and can not, tie any protected activity with the adverse action at issue.    Therefore, this claim fails as a matter of law.

## CONCLUSION & PRAYER

Therefore, based on any one or more of the foregoing reasons, the IRRIGATION DISTRICT requests that after due and proper consideration of this Motion for Summary Judgment, the Court grant the motion in its entirety.

Alternatively, the IRRIGATION DISTRICT requests that the Court grant those portions of the motion that it deems to be proper and established as a matter of law.

Finally, the IRRIGATION DISTRICT requests any such other additional and further relief, at law or in equity, to which it is justly entitled.

Signed on the 22nd day of January, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904; 956/421-3621 (Fax)

By: _Ricardo J. Vorano_
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

Alternatively, the IRRIGATION DISTRICT requests that the Court grant those portions of the motion that it deems to be proper and established as a matter of law.

Finally, the IRRIGATION DISTRICT requests any such other additional and further relief, at law or in equity, to which it is justly entitled.

Signed on the 22nd day of January, 2002.

                              Respectfully submitted,

                              **DENTON, NAVARRO & BERNAL**
                              A Professional Corporation
                              Bank of America Building
                              222 East Van Buren, Suite 405
                              Harlingen, Texas 78550
                              956/421-4904; 956/421-3621 (Fax)


By:    _____
                              RICARDO J. NAVARRO
                              Attorney In Charge
                              State Bar No. 14829100
                              So. Dist. ID No. 5953
                              COUNSEL FOR DEFENDANT


                              _____
                              VALERIE A. ESPARZA
                              Associate Attorney
                              State Bar No.24002059
                              So.Dist. ID No. 236321
                              COUNSEL FOR DEFENDANT

**On the Brief:**

Bradley W. Shields
Associate Attorney


Defendant CCID#2's Motion for Summary Judgment
& Brief In Support Thereof                                    Page 20

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 22nd day of January 2002.

Mr. Ruben Pena                     **By CMRRR: 70001 1940 0007 8404 5758**
LAW OFFICES OF RUBEN PENA
222 W. Harrison
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFFS

RICARDO J. NAVARRO
VALERIE R. ESPARZA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LEONARDO MARTINEZ and JOSE MARTINEZ, | § § | |
| Plaintiffs | § § | |
| VS. | § | Civil Action No. B-01-076 |
| | § | |
| CAMERON COUNTY IRRIGATION DISTRICT NO. 2, | § § | (consolidated with B-01-107) |
| Defendant | § | |

### ORDER ON CAMERON COUNTY IRRIGATION DISTRICT NO. 2'S MOTION FOR SUMMARY JUDGMENT

CAME ON THIS DAY TO BE CONSIDERED Defendant Cameron County Irrigation District No. 2's Motion for Summary Judgment. After due consideration of matters raised in that motion, any responses thereto, and the pleadings in this cause, the Court is of the opinion that the motion is meritorious and should be GRANTED.

It is, therefore ORDERED, ADJUDGED, and DECREED that the Cameron County Irrigation District No. 2's Motion for Summary Judgment is hereby GRANTED in its entirety. It is further ORDERED that Plaintiffs' claims be DISMISSED WITH PREJUDICE.

SIGNED ON this the ____th day of _____, 2002.

_____
Hon. Hilda G. Table
U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LEONARDO MARTINEZ and JOSE MARTINEZ, | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | Civil Action No. B-01-076 |
| | § | |
| CAMERON COUNTY IRRIGATION | § | (consolidated with B-01-107) |
| DISTRICT NO. 2, | § | |
| Defendant | § | |

DEFENDANT CAMERON COUNTY IRRIGATION DISTRICT NO.2'S
MOTION FOR SUMMARY JUDGMENT & BRIEF IN SUPPORT THEREOF

TABLE OF CONTENTS

May It Please the Court:

DEFENDANT, the CAMERON COUNTY IRRIGATION DISTRICT NO. 2 (hereafter "the IRRIGATION DISTRICT" or "CCID#2") files this dispositive motion and supporting brief addressing the claims and causes of action against the DISTRICT contained in Plaintiffs' live pleadings before this Court.

Because the portion of the brief in support of the motion is longer than ten pages, the following Table of Contents is hereby initially provided as well, pursuant to the Court's Local Rule 5.H.3.

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS                                                    i

TABLE OF AUTHORITIES                                               iii

NATURE OF THE CASE                                                   1

PROCEDURAL HISTORY & STAGE OF THE PROCEEDINGS                        1

STATEMENT OF ISSUES PRESENTED FOR RULING                             3

SUMMARY OF THE ARGUMENT                                              4

UNDISPUTED MATERIAL FACTS                                            5

SUMMARY JUDGMENT STANDARD OF REVIEW                                  8

ARGUMENTS & AUTHORITIES                                              9

A.   Neither Plaintiff Engaged In Any Speech That
     Qualified As a Matter of Public Concern                         9

B.   There Is No Evidence That GM Kaniger Fired Plaintiffs'
     Because of the Alleged Protected Speech                        14

C.   There Is No Evidence of Race or National
     Origin Discrimination                                          15

D.   There Is No Evidence of Retaliation against
     Plaintiff Jose Martinez for Making a Worker's
     Compensation Claim                                             17

CONCLUSION AND PRAYER                                               19

APPENDIX (separately bound)                                         **

ii

## TABLE OF AUTHORITIES

**U.S. SUPREME COURT**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...................................... 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ...................................... 8

*Connick v. Meyers*, 461 U.S. 138 (1983) .................... 13

*Matsushita Elec. Indus. Co., Ltd. v.*
    *Zenith Radio Corp.*, 475 U.S. 574 (1986) ................. 8

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ...... 15

*Mt. Healthy Bd. Of Educ. v. Doyle*, 429 U.S. 274 (1977) ..... 14

*Texas Dep't of Comm. Affairs v. Burdine*,
    450 U.S. 248 (1981) ...................................... 15

*Reeves v. Sanderson Plumbing*, 530 U.S. 133 (2002) .......... 15

*St. Mary's Honor Society v. Hicks*, 509 U.S. 502 (1993) ..... 15

*Waters v. Churchill*, 511 U.S. 661 (1994) ................... 10

**U.S. COURT OF APPEAlS**

*Auguster v. Vermilion Parish School Board.*,
    249 F.3d 400 (5th Cir.2001) .............................. 16

*Denton v. Morgan*, 136 F.3d 1038 (5th Cir. 1998) ............ 10

*Douglas v. United Automobile Ass'n*,  79 F.3d 1415
    (5th Cir.1996)(*en banc*) ................................. 16

*Elliott v. Group Medical & Surgical Service*,
    714 F.2d 556 (5th Cir.1983), *cert. denied*,
    467 U.S. 1215 (1984) ..................................... 16

*Harris v. Victoria ISD*, 168 F.3d 216 (5th Cir. 1999),
    *cert. denied*, 528 U.S. 1022 (1999) ..................... 10

*Serna v. City of San Antonio*, 244 F.3d 479
    (5th Cir. 2001)........................................    9

*Swearingen v. Owens-Corning Fiberglas Corp.,*
    968 F.2d 559 (5th Cir. 1992)............................    18

*Wallace v. Texas Tech Univ.,* 80 F.3d 1042 (5th Cir. 1996)...    10

*Ward v. Bechtel Corporation,* 102 F.3d 199 (5th Cir. 1997)...    15

**STATE SUPREME COURT**

*Continental Coffee v. Casarez,* 937 S.W.2d 444
    (Tex. 1996)..........................................    19

*Texas Dept. Of Human Services v. Hinds,*
    904 S.W.2d 629 (Tex. 1995)...........................    19

**STATUTES & RULES:**

FED. R. CIV. P. 56(c).......................................    9

TEX. LABOR CODE § 451.001 et.seq...........................    15

iv