IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LEONARDO MARTINEZ and JOSE MARTINEZ, | § § § § | |
| Plaintiffs | § | |
| VS. | § § | CIVIL ACTION NO. B-01-076 |
| CAMERON COUNTY IRRIGATION DISTRICT NO. 2, | § § | (consolidated with B-01-107) |
| Defendant | § | |

### DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE
### TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

May It Please the Court:

COMES NOW the DEFENDANT, the CAMERON COUNTY IRRIGATION DISTRICT NO. 2 (hereafter "CCID#2" or "DISTRICT"), in the above-titled and numbered cause, and files this Reply (hereafter "REPLY") to Plaintiffs' Response (hereafter "RESPONSE") to the DISTRICT's previously filed Motion for Summary Judgment.

### NATURE OF THE CASE

This is an employment action arising out of the involuntary termination of Plaintiffs Leonardo and Jose Martinez from their respective employment positions as crew workers for CCID#2 by the DISTRICT's General Manager, Sonia Kaniger (hereafter GM Kaniger).

Both Plaintiffs claim retaliation pursuant to the First Amendment, and Plaintiff Jose Martinez also asserts a

retaliation claim pursuant to the Texas Worker's Compensation Act.

## SUMMARY OF PLAINTIFFS' RESPONSE

Plaintiffs allege that they were dismissed from their positions with the CCID#2 in retaliation for engaging in protected speech.

Plaintiff Jose Martinez also alleges retaliated for engaging in protected conduct, that is, for reporting a work related injury and seeking medical care.

Although Plaintiffs' had also initially urged national origin and/or race discrimination claims, they have both abandoned these claims in their Response to the CCID#2's Motion for Summary Judgment.

## SUMMARY OF REPLY ARGUMENT

By way of clarification and reply, DEFENDANT CCID#2 hereby makes the following points and clarifications:

1) As to the race and national origin claims and causes of action, both Plaintiffs have abandoned these claims;

2) As to the First Amendment claims, only Leonardo Martinez engaged in any conduct that could arguably be characterized as "speech on a matter of public concern"; therefore, Jose Martinez' First Amendment claim fails as a matter of law;

3) There are only two incidents of conduct by Leonardo Martinez that can arguably qualify as "protected speech" under a First Amendment analysis. The DISTRICT relies on its prior argument and authorities that the two incident of alleged protected conduct do not, in fact or in law, qualify as protected speech.

4) As to the Worker's Comp retaliation claim, only Jose Martinez was factually involved in a work related matter that could arguably serve as the basis of a statutory retaliation claim under Chapter 451, Labor Code; Plaintiff Leonardo Martinez makes no such claim, nor is there any factual basis for such claim in the record;

5) DEFENDANT CCID#2 continues to assert that there is no evidence in the record to support the creation of a factual dispute that 1) Jose Martinez invoked the protections of Chapter 451 and/or 2) that GM Kaniger either knew about or was motivated to terminate Jose Martinez employment because he reported an injury.

## LEGAL ARGUMENT & ANALYSIS

**A.   Both Plaintiff Abandon Their Statutory Discrimination Claims.**

Plaintiffs' response to DEFENDANT's dispositive motion makes it clear that they are abandoning their previously asserted

causes of action for national origin and race based discrimination. Any Court Order entered on the pending dispositive motion should acknowledge that Plaintiff is conceding these causes of action and that they were abandoned outright.

**B. Plaintiff *Jose Martinez* Did Not Engage In Any Conduct Protected by the First Amendment.**

To establish a First Amendment claim, a plaintiff must plead and prove the following four elements of this constitutional cause of action: 1) that he/she suffered an adverse employment action; 2) that the alleged speech in question was on a matter of public concern legally determined to be protected by the First Amendment; 3) that his/her interest in commenting on matters of public concern outweighed the employer's interest in order and efficiency; and 4) that the adverse action was in fact motivated by the protected First Amendment conduct. *Serna v. City of San Antonio*, 244 F.3d 479, 482 (5th Cir. 2001); *Harris v. Victoria ISD*, 168 F.3d 216, 220 (5th Cir. 1999), *cert. denied*, 528 U.S. 1022 (1999).

Here, the summary judgment record reflects that Plaintiff Jose Martinez did not engage in any conduct whatsoever that could be characterized as protected by the First Amendment. The only two instances of such conduct, one involving a chance

contact with CCID#2 Boardmember Cantu, and the other a commentary to the entire Board at the request of Boardmember Cantu, involved Plaintiff Leonardo Martinez only. *See* Plaintiffs' Response at p. 2.

Even assuming, for the sake of argument only, that the above referenced contacts qualify as "protected speech" there is no evidence in the record that Plaintiff Jose Martinez participated in either of these discussions or that he was even present when these discussions took place. Plaintiffs' Response acknowledges that it was his only Leonardo Martinez, who had any discussions with a CCID#2 board member and later, with the CCID#2 Board itself. At no time did Jose Martinez engage in any arguably protected "speech." *See* Plaintiffs' Response at p. 2.

In fact, Plaintiff Jose Martinez admits that he did no more than exchanges pleasantries with board member Gus Cantu, was not involved in, nor within earshot of, the discussion between Leonardo Martinez and Mr. Cantu when Leonardo Martinez allegedly brought up the subject of a CCID#2 employee drinking on the job. Further Jose Martinez did not himself address the CCID#2 Board, nor was he even present when Leonardo Martinez addressed the Board. *See* MSJ Exhibit B.2, J.Martinez Depo at pp. 42-46, 59-60, 66. The record unequivocally shows that Jose Martinez's one

time communications with a board member were limited to pleasantries and in no way involved a "matter of public concern."

Therefore, because Plaintiff Jose Martinez can not, as a matter of law, demonstrate that he himself engaged in any "protected speech," Jose Martinez can not, as a matter of law, satisfy this element of his First Amendment claim. Therefore, Jose Martinez' First Amendment claims must fail as a matter of law, and this cause of action ought to be dismissed as to Jose Martinez.

C. **Plaintiff Leonardo Martinez' Alleged First Amendment Speech Does Not Legally Qualify as Protected Speech.**

DEFENDANTS has previously set forth its arguments and authorities in support of its contention that the only two instances of alleged protected conduct implicated by the underlying facts do not, in fact or in law, qualify as protected speech. DEFENDANT CCID#2 hereby reasserts its arguments and authorties on this issue previously presented in the initial dispositive motion.

D. **Plaintiff Leonardo Martinez Has No Worker's Compensation Retaliation Claim.**

The summary judgment record also reflects that with regard to the statutory worker's compensation retaliation claim, Plaintiff Leonardo Martinez did not, at any time, suffer any

Defendant CCID#2's Reply to Plaintiffs'
Response to Motion for Summary Judgment                                    Page 6

such injury or make such a claim. Consequently, as to Leonardo Martinez, there is no factual or legal basis in support of this cause of action. It does not appear from the pleadings and Plaintiffs' motions on file that Plaintiff Leonardo Martinez is making any such claim. Nevertheless, DEFENDANT wants the Court to be aware that Plaintiff Leonardo Martinez does not level a Chapter 451, Tex. Labor Code allegation on his own behalf. To the extent any such claim is arguably pleaded, it should be dismissed for failure of evidence in the summary judgment record.

E.  **Plaintiff Jose Martinez Fails to Establish a Fact Issue on His Worker's Compensation Retaliation Claim.**

Finally, DEFENDANT CCID#2 reasserts the arguments and authorities previously urged in connection with the Chapter 451 claim made by Jose Martinez. In his response, Plaintiff Jose Martinez conveniently glosses over the requirements of such a cause of action imposed by statute. A copy of the statute is attached as Exhibit A to this reply for the convenience of the Court.

Further, even if the Court should determine that Jose Martinez invoked the statutory protection of Chapter 451, there is no evidence in the summary judgment record that GM Kaniger was motivated in her decision by virtue of Jose Martinez'

alleged job injury. As with the national origin discrimination claim, Jose Martinez relies on his subjective beliefs of retaliatory intent by Sonia Kaniger.

There is, however, no question here that aside from his own subjective view of causation, Jose Martinez does provide any evidence supporting that 1) GM Kaniger knew anything about the alleged injury or 2) that her employment decisions was motivated by her knowledge that Jose Martinez had "went to the doctor", as he put it. *See* MSJ Exhibit B.2, J.Martinez Depo at p. 57, l. 7. Plaintiff admits that the only basis for his belief that he was retaliated against is that he was fired and he knows of nothing else that supports a discriminatory reason. *See* MSJ Exhibit B.2, J.Martinez depo at pp. 56-58.

Under Chapter 451 caselaw, as with other statutory anti-retaliation or anti-discrimination provisions, an employee's subjective belief alone is not enough to support a claim for retaliation. *See Pope v. MCI Telecommunications Corp.*, 937 F.2d 258, 265 (5th Cir. 1991); *see also Housing Authority of City of El Paso v. Guerra,* 963 S.W.2d 946, 950 (Tex.App.-El Paso 1998, pet. denied). Therefore, Jose Martinez' worker's comp retaliation claim should be dismissed as a matter of law.

## CONCLUSION & PRAYER

Therefore, based on any one or more of the foregoing reasons, DEFENDANT CCID#2 requests that after due and proper consideration of its Motion for Summary Judgment, Plaintiffs' Response, and this Reply, that the Court grant DEFENDANT's dispositive motion in its entirety.

Alternatively, DEFENDANT CCID#2 requests that the Court dismiss with prejudice Plaintiffs' claims of national origin and racial discrimination abandoned by the Plaintiffs in their Response to Defendant's Motion for Summary Judgment and that it grant those other portions of the Motion that it deems to be proper and established as a matter of law.

Finally, DEFENDANT CCID#2 requests any such other additional and further relief, at law or in equity, to which it is justly entitled.

Signed on the 4th day of March, 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: *[signature: Ricardo J. Navarro]*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
COUNSEL FOR DEFENDANT

**On the Brief:**

Bradley W. Shields
Associate Attorney

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 4th day of March, 2002.

Mr. Ruben Pena                          **By CMRRR: 7001 1940 0007 8404 5871**
LAW OFFICES OF RUBEN PENA
222 W. Harrison
Harlingen, Texas 78550
COUNSEL FOR PLAINTIFFS

*[signature]*
RICARDO J. NAVARRO

Defendant CCID#2's Reply to Plaintiffs'
Response to Motion for Summary Judgment                          Page 10

## SUBTITLE B. DISCRIMINATION ISSUES

## CHAPTER 451. DISCRIMINATION PROHIBITED

### § 451.001. Discrimination Against Employees Prohibited

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or

(4) testified or is about to testify in a proceeding under Subtitle A.

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

### § 451.002. Remedies; Burden of Proof

(a) A person who violates Section 451.001 is liable for reasonable damages incurred by the employee as a result of the violation.

(b) An employee discharged in violation of Section 451.001 is entitled to reinstatement in the former position of employment.

(c) The burden of proof in a proceeding under this section is on the employee.

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

### § 451.003. Injunction

A district court may restrain, for cause shown, a violation of Section 451.001.

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                      BROWNSVILLE DIVISION
```

| | | |
|---|---|---|
| LEONARDO MARTINEZ and JOSE MARTINEZ, | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. B-01-076 |
| CAMERON COUNTY IRRIGATION DISTRICT NO. 2, | § § | (consolidated with B-01-107) |
| Defendant | § | |

**ORDER ON CAMERON COUNTY IRRIGATION DISTRICT NO. 2'S MOTION FOR SUMMARY JUDGMENT**

On this day the Court considered the Defendant, Cameron County Irrigation District No. 2's Motion for Summary Judgment. After due consideration of matters raised in that motion, any responses and replies thereto, as well as after review of the summary judgment record, the Court is of the opinion that the motion is meritorious and should be GRANTED.

It is, therefore ORDERED, ADJUDGED, and DECREED that the Cameron County Irrigation District No. 2's Motion for Summary Judgment is hereby GRANTED in its entirety. It is further ORDERED that Plaintiffs' claims be DISMISSED WITH PREJUDICE.

SIGNED ON this the ____th day of _____, 2002.

```
                              _____
                              Hon. Hilda G. Table
                              U.S. District Judge
```